The Honorable Jamal N. Whitehead

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| JOSEPH DAWSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KATHRYN LEATHERS, et al.,<br><br>Defendants. | NO. 2:26-cv-01469-JNW<br><br>DEFENDANT MIKE PELLICCIOTTI'S MOTION FOR MISJOINDER<br><br>NOTE ON MOTION CALENDAR: SEPTEMBER 24, 2026 |



ATTORNEY GENERAL OF WASHINGTON
Revenue and Finance Division
7141 Cleanwater Dr. Sw
P.O. Box 40123
Olympia, WA 98504-0123
360-753-5515

## I. INTRODUCTION

COMES NOW Mike Pellicciotti, Treasurer of the State of Washington, moving that the Court exercise its discretion to issue an order of misjoinder, dismissing him as a party on the basis that he was unnecessarily and improperly joined by Plaintiffs' amended complaint. Defendants' now fully briefed Fed. R. Civ. P. 12 motion should dispose of this case entirely; Defendant Pellicciotti offers the instant motion supplementally in an abundance of caution.

## II. BACKGROUND

On April 30, 2026, Plaintiffs filed their Class Action Complaint for Declaratory and Injunctive Relief, naming as defendants the entire State of Washington, its Department of Retirement Systems, and the Department's director Kathryn Leathers. Dkt. 1 at 7:17–26. Defendant Pellicciotti was nowhere referenced by name, much less identified as a party to the litigation; "the state treasurer" was mentioned only in statutes that Plaintiffs quoted or paraphrased. *See id.* at 6:7–13:28.

Perhaps upon realizing belatedly that their 42 U.S.C. § 1983 claims cannot target entities, *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997), Plaintiffs on June 16, 2026, filed an amended complaint seeking the exact same relief, but dropping the State and Department as parties while adding Defendant Pellicciotti. *See* Dkt. 9 at 6:13–8:11; *compare* Dkt. 1 at 22:8–15 *with* Dkt. 9 at 20:12–19. The amended complaint alleges no specific conduct by him whatsoever, except potentially in the future via a funds transfer which Plaintiffs acknowledge he would do only "at the direction of" his co-defendant. Dkt. 9 at 8:11. Defendant Pellicciotti is sued in his official capacity. Dkt. 9 at 1:18, 6:10–11, and 19:7–25; Dkt. 16 at 12:21.

## III. LEGAL STANDARD

Fed. R. Civ. P. 21 provides, in relevant part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." "Rule 21 allows the court to dismiss parties 'on such terms as are just,' thus granting considerable discretion to the district court.



ATTORNEY GENERAL OF WASHINGTON
Revenue and Finance Division
7141 Cleanwater Dr. Sw
P.O. Box 40123
Olympia, WA 98504-0123
360-753-5515

That discretion is circumscribed, however, by Rule 19(b) because the court cannot proceed without indispensable parties. Whether a party is indispensable, considering the factors required under Rule 19(b), is a matter left to the district court's discretion." *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1371 (10th Cir. 1998) (internal citations omitted); *accord*, *Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co.*, 312 F.3d 82, 87 (2nd Cir. 2002) ("A district court's decision to dismiss parties under Rule 21 is circumscribed only by the 'equity and good conscience test' of Rule 19(b).").

> The decision to separate parties or claims is a case management determination "peculiarly within the discretion of the trial court," *Gonzalez–Marin v. Equitable Life Assurance Socy.*, 845 F.2d 1140, 1145 (1st Cir.1988), and courts of appeals accord broad latitude to district courts in this area. *Id.*; *Applewhite v. Reichold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir.1995); *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir.1988).

*Acevedo-Garcia v. Monroig*, 351 F.3d 547, 558 (1st Cir. 2003).

## IV. ARGUMENT

### A. The State Treasurer is an Unnecessary Party

> A party is a necessary party within the purview of Rule 19(a)(1)(A) only if, 'in that person's absence, the court cannot accord complete relief among existing parties.' Relief is complete when it meaningfully resolves the contested matter as between the affected parties. *See* Fed.R.Civ.P. 19 advisory committee note to 1966 amend.; *Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir.2013). To be complete, however, the relief need not align exactly with the remedy sought by the plaintiff. *See Salt Lake Tribune Publ'g Co. v. AT & T Corp.*, 320 F.3d 1081, 1097 (10th Cir.2003). As long as a party's absence does not prevent the district court from affording complete relief, Rule 19(a)(1)(A) does not mandate that party's continuing presence. *See Bacardí Int'l Ltd. v. V. Suárez & Co.*, 719 F.3d 1, 10 (1st Cir.), cert. denied, ––– U.S. ––––, 134 S.Ct. 640, 187 L.Ed.2d 420 (2013).

*Watchtower Bible & Tract Soc'y of New York, Inc. v. Municipality of San Juan*, 773 F.3d 1, 13–14 (1st Cir. 2014). "[W]here, as here, certain defendants are dispensable parties whose presence is not required to afford complete relief, the trial court may, in the exercise of its sound discretion, dismiss them." *Id*. at 14; *see also Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015) ("We review the district court's decision to sever and dismiss the co-defendants under Rule 21 for abuse of discretion.").



ATTORNEY GENERAL OF WASHINGTON
Revenue and Finance Division
7141 Cleanwater Dr. Sw
P.O. Box 40123
Olympia, WA 98504-0123
360-753-5515

In his official capacity, as he is sued, Defendant Pellicciotti is essentially the bank of the State of Washington. *See generally* Wash. Const. art. III, § 19; Wash. Rev. Code § 43.08.010 *et seq.* Just as plaintiffs in any other lawsuit, whether sounding in tort or contract, need not join every defendant's banking institution, here likewise the inclusion of Defendant Pellicciotti as a party via Plaintiffs' amended complaint was superfluous. Plaintiffs' apparent rationale for joinder was their apprehension he would effectuate a particular funds transfer in the future, as part of implementing the legislation they challenge as unconstitutional, but this lone factual allegation concedes that Defendant Pellicciotti would do so only "at the direction of" his co-defendant Kathryn Leathers, Director of the Washington State Department of Retirement Systems. Dkt. 9 at 8:11. Therefore, complete relief here is straightforward: a decree enjoining Defendant Leathers from making such a directive would also prevent the funds transfer of which Plaintiffs complain. *See Williams v. Fanning*, 332 U.S. 490, 494 (1947) (holding that a government agency head is dispensable if relief-granting decree would be effective without requiring that individual "to do a single thing").

**B. Plaintiffs are Not Prejudiced**

Plaintiffs' prayer for relief in their original complaint did not hinge on Defendant Pellicciotti's personal involvement in this litigation because he had not been named as a party. As noted above, the Court can still afford Plaintiffs the complete relief they seek pursuant to an identical prayer in their amended complaint without requiring Defendant Pellicciotti to remain a party to the suit. *See also supra*, *Watchtower Bible*, 773 F.3d at 14 ("To be complete, however, the relief need not align exactly with the remedy sought by the plaintiff. As long as a party's absence does not prevent the district court from affording complete relief, Rule 19(a)(1)(A) does not mandate that party's continuing presence.") (internal citations omitted). *But see Rush*, 779 F.3d at 975 ("district courts who dismiss rather than sever must conduct a prejudice analysis")



ATTORNEY GENERAL OF WASHINGTON
Revenue and Finance Division
7141 Cleanwater Dr. Sw
P.O. Box 40123
Olympia, WA 98504-0123
360-753-5515

Plaintiffs will not be prejudiced by Defendant Pellicciotti's dismissal from the action. "'Legal prejudice' is a term of art: it means 'prejudice to some legal interest, some legal claim, some legal argument.' *Westlands Water Dist.* [*v. U.S.*], 100 F.3d [94] at 97 [(9th Cir. 1996)]." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1280 (9th Cir. 2023) Notably, Plaintiffs make the exact same arguments and legal claims as to both defendants in this action, referencing them in tandem as the State of Washington. They will not be prejudiced by Defendant Pellicciotti's exit; they will continue to make exactly the same legal arguments and assert the same legal claims even in his absence. Even if they lost the occasion to make some heretofore unmentioned claims against Defendant Pellicciotti specifically, '[u]ncertainty because a dispute remains unresolved is not legal prejudice,' *id*." *Id.* And Plaintiffs already had a chance to add Treasurer-specific claims in their amended pleading, but did not – likely because they could not.

Beyond identifying his official role and responsibilities, Dkt. 9 at 8:5–11, Plaintiffs lodge no factual allegations specific to Defendant Pellicciotti except the ministerial deed of transfering money when directed. Dkt. 16 at 12:18–21 ("E2SHB 2034 requires the Director of the DRS to direct the State Treasurer to transfer LEOFF funds out of the Plan, and Plaintiffs allege that this transfer violates their contractual rights."). He would not by that simple task become a co-conspirator in the alleged violation of Plaintiffs' constitutional rights, and accordingly need not be joined as a party here, as an analogous case from a sister state helpfully illustrates. In *Wright v. Service Employees International Union Local 503*, 48 F.4th 1112, 1123 (9th Cir. 2022), the Oregon Department of Administrative Services was held not liable under 42 U.S.C. § 1983 for its "ministerial role in processing dues deductions" from employee paychecks pursuant to directives from a third party. "Oregon did not 'affirm, authorize, encourage, or facilitate unconstitutional conduct' by processing dues deductions" when directed by Wright's former union, and so too here the "administrative task" of transferring money, given by the Legislature to Defendant Pellicciotti with no discretion, is not tantamount



ATTORNEY GENERAL OF WASHINGTON
Revenue and Finance Division
7141 Cleanwater Dr. Sw
P.O. Box 40123
Olympia, WA 98504-0123
360-753-5515

to his personal participation in an alleged constitutional deprivation. *Id.* "[W]here the state actor plays nothing more than a ministerial role" during the ordinary course of their job in response to a typical directive, they do not suddenly become co-conspirator in a 42 U.S.C. § 1983 violation. *Gaskell v. Weir*, 10 F.3d 626, 628 (9th Cir. 1993) (court clerk not liable for "performing the ministerial act of accepting and filing the settlement documents" which plaintiffs had alleged deprived them of rights); *see also Sykes v. Bank of America*, 723 F.3d 399, 406–07 (2d Cir. 2013) (defendant held not "liable under § 1983 for its role in … freezing Sykes's bank account in response to" a garnishment notice from the New York City Office of Child Support Enforcement, which "was, moreover, purely ministerial. … Bank of America's limited part in this challenged conduct is of a piece with its recurring, customary, and usually unproblematic compliance with the directives of generally applicable state law."). Because Plainttifs' claims against Defendant Pellicciotti are thus misdirected as a matter of law, they would not be prejudiced by his dismissal as a party.

**C. Fundamental Fairness Suggests Misjoinder**

Federal "district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (internal citations omitted). Litigation consumes time, energy, and expense. When the litigant is a government entity, those resources are the public's. Defendant Pellicciotti submits that "the principles of fundamental fairness" do not require his office to remain actively involved in a lawsuit like this, and by way of analogy offers the thoughtful disposition of another matter:

> [T]he trial court's decision to dismiss Dresser Industries as a defendant promotes one of the goals of the judicial system, which is to ensure fundamental fairness to all parties. The Ninth Circuit recently noted that, when deciding the question of joinder under Rule 20,
>
> "a trial court must also examine the other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness."



ATTORNEY GENERAL OF WASHINGTON
Revenue and Finance Division
7141 Cleanwater Dr. Sw
P.O. Box 40123
Olympia, WA 98504-0123
360-753-5515

> *Desert Empire Bank v. Ins. Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980). Requiring Dresser Industries to participate as a defendant in this action would have been unfair for several reasons. There existed no privity of contract between Dresser Industries and Intercon, but rather the contract giving rise to this dispute was between Intercon and the defendants AMC and Orio. In fact, Intercon's dealings with Dresser Industries consisted merely of Intercon contacting Dresser Industries on behalf of AMC and Orio, and there is no evidence that Dresser Industries had acted improperly toward the plaintiff Intercon. *Under this fact situation, it would violate principles of fundamental fairness to require Dresser Industries to expend the time and expense of defending in an action brought to merely ensure payment of any judgment rendered against the two principal defendants*.

*Intercon Rsch. Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 57–58 (7th Cir. 1982) (emphasis added). While Plaintiffs here seek the inverse remedy, a non-transfer rather than a payout, the same logic applies. Dismissal of the Treasurer would be "correct in that there is no allegation that [he would be] improperly performing his ministerial duties" or that he would refuse to follow any order this Court might issue, including for the relief Plaintiffs seek. *Dotlich v. Kane*, 497 F.2d 390, 391 (8th Cir. 1974) (internal citation omitted).

## V. CONCLUSION

Plaintiffs' amended complaint misjoined Defendant Pellicciotti, whose only role in implementing the legislation they challenge as unconstitutional is the ministerial act of transfering a sum of money when told. The Court should exercise its discretion to dismiss Defendant Pellicciotti as an unnecessary party, streamlining this litigation in the interest of fairness and justice.

DATED this 24th day of August, 2026.

I certify that this memorandum contains 2,083 words, in compliance with the Local Civil Rules.



ATTORNEY GENERAL OF WASHINGTON
Revenue and Finance Division
7141 Cleanwater Dr. Sw
P.O. Box 40123
Olympia, WA 98504-0123
360-753-5515

NICHOLAS W. BROWN
Attorney General of Washington

/s/ Mark J. Rachel
MARK J. RACHEL, WSBA #54395
Assistant Attorney General
7141 Cleanwater Dr. SW
P.O. Box 40123
Olympia, WA 98504-0123
253-337-3920
Mark.Rachel@atg.wa.gov

*Attorney for Defendant Pellicciotti*