The Honorable Jamal N. Whitehead

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

JOSEPH DAWSON; JOHN NORDLUND; ALAN DENNIS VICKERY; JOHN ZIMMARO; DAVID REICHERT; ANDREW WILSON; JERALD BIRT; MARILYN CURTIS; and MICHAEL DUCHEMIN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

KATHRYN LEATHERS, in her official capacity as Director of the Washington Department of Retirement Systems, and MIKE PELLICCIOTTI, in his official capacity as Washington State Treasurer,

Defendants.

Case No. 2:26-cv-01469-JNW

**OPPOSITION TO DEFENDANT PELLICCIOTTI'S MOTION FOR MISJOINDER**

**NOTE ON MOTION CALENDAR:**
September 24, 2026



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........ 1

II. STANDARD OF REVIEW ........ 2

III. ARGUMENT ........ 3

A. Naming Pellicciotti as a defendant satisfies *Ex parte Young* ........ 3

B. Pellicciotti should not be dismissed as a purportedly unnecessary defendant. ........ 5

C. Pellicciotti's argument that Plaintiffs would not be prejudiced is legally and factually incorrect. ........ 8

D. Pellicciotti's argument that fundamental fairness requires his dismissal should be rejected. ........ 9

IV. CONCLUSION ........ 11



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Acevedo v. Allsup's Convenience Stores, Inc.*,
600 F.3d 516 (5th Cir. 2010) ....................10

*Acevedo-Garcia v. Monroig*,
351 F.3d 547 (1st Cir. 2003) ....................3

*Alvarado v. City of Los Angeles*,
720 F. App'x 889 (9th Cir. 2018) ....................6

*Coal. To Defend Affirmative Action v. Brown*,
674 F.3d 1128 (9th Cir. 2012) ....................1

*Coughlin v. Rogers*,
130 F.3d 1348 (9th Cir. 1997) ....................6

*Gaskell v. Weir*,
10 F.3d 626 (9th Cir. 1993) ....................9

*Hain Celestial Grp., Inc. v. Palmquist*,
607 U.S. 421 (2026) ....................2, 5

*Intercon Rsch. Assocs., Ltd. v. Dresser Indus., Inc.*,
696 F.2d 53 (7th Cir. 1982) ....................10

*Jamul Action Comm. v. Simermeyer*,
974 F.3d 984 (9th Cir. 2020) ....................5

*Lenon v. St. Paul Mercury Ins. Co.*,
136 F.3d 1365 (10th Cir. 1998) ....................3

*Matsumoto v. Labrador*,
122 F.4th 787 (9th Cir. 2024) ....................5

*Plintron Techs. USA LLC v. Phillips*,
2026 WL 237779 (W.D. Wash. Jan. 29, 2026) ....................5

*Pouncil v. Tilton*,
704 F.3d 568 (9th Cir. 2012) ....................11

*R. W. v. Columbia Basin Coll.*,
77 F.4th 1214 (9th Cir. 2023) .................... *passim*



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

*Singleton v. Clark Cnty.*, 2025 WL 359015 (W.D. Wash. Jan. 31, 2025) .......... 6

*Sykes v. Bank of Am.*, 723 F.3d 399 (2d Cir. 2013) .......... 9

*Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 312 F.3d 82 (2d Cir. 2002) .......... 3

*Virginia Office for Prot. v. Stewart*, 563 U.S. 247 (2011) .......... 3, 4

*Visendi v. Bank of Am., N.A.*, 733 F.3d 863 (9th Cir. 2013) .......... 6, 7

*Watchtower Bible & Tract Soc'y of New York, Inc. v. Municipality of San Juan*, 773 F.3d 1 (1st Cir. 2014) .......... 7

*Williams v. Fanning*, 332 U.S. 490 (1947) .......... 7

*Wright v. Serv. Emps. Int'l Union Loc. 503*, 48 F.4th 1112 (9th Cir. 2022) .......... 8, 9

*Ex parte Young*, 209 U.S. 123 (1908) .......... *passim*

## STATUTES

42 U.S.C. § 1983 .......... 9

## OTHER AUTHORITIES

Fed. R. Civ. P. 19 .......... 5, 6

Fed. R. Civ. P. 20 .......... 6

Fed. R. Civ. P. 21 .......... *passim*



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

## I. INTRODUCTION

Defendant Pellicciotti's motion to dismiss for misjoinder should be denied.[1] Plaintiffs allege that Engrossed Second Substitute House Bill 2034 ("E2SHB 2034") violates the federal Contract Clause.[2] After Plaintiffs filed an initial complaint against the State of Washington, the Attorney General of Washington informed Plaintiffs that the State objected under the Eleventh Amendment. Plaintiffs, therefore, filed their amended complaint against only Mr. Pellicciotti (in his official capacity as State Treasurer) and Kathryn Leathers (in her official capacity as Director of the Washington Department of Retirement Systems). Plaintiffs based the amended complaint on *Ex parte Young*, 209 U.S. 123 (1908). Eleventh Amendment immunity for States is subject to an exception for "actions for prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law" so long as the state officer has "some connection with enforcement of the act." *Coal. To Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012) (quoting *Ex parte Young*, 209 U.S. at 157).

Pellicciotti now erroneously contends that he should be dismissed as an "unnecessary" defendant. *See* Mot. at 2 (arguing he "was unnecessarily and improperly joined"). He fails to admit that *Ex parte Young* "'simply requires that the defendant have some connection with the challenged actions.'" *R. W. v. Columbia Basin Coll.*, 77 F.4th 1214, 1227 (9th Cir. 2023) (citation omitted). As State Treasurer, he has multiple connections with the challenged actions. Section 105(1) of E2SHB 2034 requires him—and *only* him—to transfer billions of dollars out of LEOFF 1 in 2029. Pellicciotti names only that Section, ignoring numerous other connections he has to the challenged actions. *See, e.g.,* E2SHB 2034 § 104(1) ("The restated law enforcement officers' and firefighters' defined benefit retirement fund is created in the custody of the state treasurer."); § 112 ("The pension surplus holding account is created in the state treasury….

---

[1] *See* Defendant Mike Pellicciotti's Motion For Misjoinder ("Mot."), Dkt. 19. Pellicciotti evades the page limits for motions to dismiss by not making his argument with the initial motion to dismiss. Moreover, his counsel did not meet and confer with Plaintiffs' counsel before bringing this motion. But the motion should be denied on its merits despite those procedural flaws, because it is frivolous, as explained in this Opposition.

[2] *See* Amended Class Action Complaint, Dkt. 9.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

During the 252027-2029 fiscal biennium, money in the account may be transferred to 26the general fund."); § 452(7) ("During the 2025-2027 fiscal biennium, the legislature may direct the state treasurer to transfer money in the department of retirement systems' expense fund to the state general fund.").

Pellicciotti ignores the standard set forth in *Columbia Basin* and the numerous ways in which he is connected to the challenged actions. Instead, he asks this Court to devise a novel joinder rule that purportedly requires dismissal of a named, purportedly unnecessary party. As shown below, neither the Federal Rules of Civil Procedure nor Ninth Circuit authority allows such a rule. Moreover, he bases that argument on his myopic focus on Section 105(1) to the exclusion of all his other responsibilities and duties under E2SHB 2034.

But even if section 105(1) were his only connection to E2SHB 2034, his motion would still be groundless. That section states that his duty to transfer money out of LEOFF 1 is "at the direction of the director of retirement systems." The fact that the Director must order him to transfer that money does not mean that he is not "connected" to the challenged actions. And if he were dismissed, this Court could not order *anyone* not to transfer money out of LEOFF 1. There is no basis to foreclose this Court's ability to issue such injunctive relief. And in any event, he ignores the correct legal standards and the plethora of other connections he has to the challenged conduct.

## II. STANDARD OF REVIEW

Pellicciotti erroneously contends that this Court has the discretion to dismiss him. *See* Mot. at 2-3. As shown below, this Court has no such discretion, because no authority allows the Court to dismiss him as a named, purportedly unnecessary party. He cites three cases, but none involved such an unsupportable claim. Two concerned dismissal under Fed. R. Civ. P. 21 of a "'dispensable non-diverse party.'" *See Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. 421, 432 (2026) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 833 (1989)). The Court in *Hain* explained that Rule 21 did not apply because the "defendants are seeking dismissal of a nondiverse defendant, whereas in *Newman-Green*, the plaintiff sought the dismissal." *Id*. at 433. Nonetheless, Pellicciotti relies on two cases that concern dismissal of a dispensable non-diverse


HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

party. *See* Mot. at 3. In *Lenon v. St. Paul Mercury Ins. Co*., 136 F.3d 1365, 1368 (10th Cir. 1998), the *plaintiff* moved "to amend the complaint to delete the nondiverse trustee to maintain diversity." The Tenth Circuit affirmed dismissal of the nondiverse defendant, based on *Newman-Green*. *Id*. at 1371. Pellicciotti also cites *Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co*., 312 F.3d 82, 87 (2d Cir. 2002), which affirmed the dismissal of a nondiverse counter-defendant because he was not indispensable. Neither case is relevant in this non-diversity case.

Pellicciotti further cites an inapposite case that did not involve dismissal of a defendant, let alone dismissal of a purportedly named unnecessary party. In *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 558 (1st Cir. 2003), "the district court severed the case into four separate trials." The First Circuit affirmed that ruling, explaining that the "decision to separate parties or claims is a case management determination 'peculiarly within the discretion of the trial court.'" *Id*. (citation omitted). Pellicciotti does not ask this Court to "separate parties," so *Hain* is irrelevant and the abuse of discretion standard cited by him does not apply.

## III. ARGUMENT

### A. Naming Pellicciotti as a defendant satisfies *Ex parte Young*.

Pellicciotti ignores more than a century of cases applying *Ex parte Young* that authorize his inclusion as a defendant in this matter. *Ex parte Young* authorized "an injunction which restrains the [defendant] state officer from taking any steps towards the enforcement of an unconstitutional enactment, to the injury of complainant. In such case no affirmative action of any nature is directed, and the officer is simply prohibited from doing an act which he had no legal right to do." 209 U.S. at 159. That doctrine "rests on the premise—less delicately called a 'fiction,' [*Pennhurst*], at 114, n. 25—that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes." *Virginia Office for Prot. v. Stewart*, 563 U.S. 247, 255 (2011).

Plaintiffs name Pellicciotti as a defendant in part because he is the *only* state official that E2SHB 2034 authorizes to transfer billions of dollars out of LEOFF 1, which Plaintiffs allege violates the Contract Clause. Based on his authority to transfer that money, Plaintiffs seek an order barring him from transferring that money. Plaintiffs ask this Court to command Pellicciotti



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

"to do nothing more than refrain from violating federal law." *Id*. Pellicciotti also has numerous other obligations under E2SHB 2034, which are discussed in the Introduction and which he ignores.

In a similar action, the plaintiff sued Columbia Basin College (CBC), its President, and its Dean of Student Conduct Ralph Reagan, seeking "reinstatement in the nursing program and expungement of failing grades from the winter 2017 quarter." *Columbia Basin*, 77 F.4th at 1217. The Ninth Circuit held that "the district court correctly applied the *Ex parte Young* doctrine allowing R.W.'s suit to proceed against the CBC officials[.]" *Id.* The Court explained that "[f]or a suit to proceed under *Ex parte Young*, a plaintiff must show that an injunction against a particular official 'would "significant[ly] increase" the likelihood' of relief, not that relief 'is a "guarantee."'" *Id*. at 1227 (quoting *Mecinas v. Hobbs*, 30 F.4th 890, 900 (9th Cir. 2022)). The Court quoted *Mecinas* as stating that the "'connection' required under *Ex parte Young* demands merely that the implicated state official have a relevant role that goes beyond 'a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision.'" *Id.* (quoting 30 F.4th at 903–04). As the Court explained, "[n]either our caselaw nor the out-of-circuit cases on which the CBC officials rely requires a higher showing of the official's ability to grant relief before a suit can proceed under *Ex parte Young*. For example, *Ashokkumar v. Elbaum*, 932 F. Supp. 2d 996, 1010 (D. Neb. 2013), undermines their argument, explaining that '*Ex Parte Young* does not require that a defendant have full power to redress a plaintiff's injury; rather, it simply requires that the defendant have some connection with the challenged actions.'" *Id.* In a footnote, the Court stated that in "each case that CBC officials cite, the relevant official's authority to implement relief was precluded as a matter of law or based on the undisputed factual record." *Id*. at 1227 n.5.

Similarly, Pellicciotti's role in implementing E2SHB 2034 goes beyond a "generalized duty" and instead requires him—and *only* him—to transfer billions of dollars out of LEOFF 1 and to assume other responsibilities. That role easily meets the "minimal connection" to name him as a defendant. *See id*. at 1228 ("The record reflects [Dean] Reagan's contemporaneous authority over R.W.'s presence on campus and enrollment at CBC that satisfies the *minimal*



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

*connection* required for *Ex parte Young*.") (emphasis added). To use the words of *Columbia Basin*, "neither the law nor the existing factual record precludes [Pellicciotti's] authority to implement [Plaintiffs'] requested injunctive relief." *Id*.

**B. Pellicciotti should not be dismissed as a purportedly unnecessary defendant.**

Without acknowledging the standards for naming him as a defendant under the *Ex parte Young* doctrine, Pellicciotti erroneously contends that he is not a "necessary" party because section 105(1) of E2SHB 2034 requires the Director of Retirement Services to direct the State Treasurer to transfer money out of LEOFF 1. *See* Mot. at 3-6. The Ninth Circuit has never held that a defendant named under *Ex parte Young* must be a "necessary" party. For example, in *Columbia Basin*, the Court did not require the plaintiffs to show that the President of CBC was a necessary party even though the Dean had ample authority to enforce the injunctive relief. *See Matsumoto v. Labrador*, 122 F.4th 787, 803 (9th Cir. 2024) ("*Wasden* teaches that a defendant's enforcement role need not be exclusive to make that defendant proper under *Ex parte Young*.") (discussing *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908 (9th Cir. 2004)). *See id*. (describing with approval *Frank v. Lee*, 84 F.4th 1119, 1132–33 (10th Cir. 2023), as holding that *Ex parte Young* requires "only some 'statutory duties' connected to enforcement").

Pellicciotti also misunderstands Rule 19. *See* Mot. at 3-4. Whether a party is necessary or indispensable arises only if it is *not* named in a complaint.[3] As the Ninth Circuit has explained, "Rule 19 requires a three-step inquiry." *Jamul Action Comm. v. Simermeyer*, 974 F.3d 984, 996 (9th Cir. 2020). "We first determine whether an *absent party* is a required party; then whether joinder is feasible; and finally whether the case can fairly proceed *in the party's absence*." *Id.* (emphasis added). *Accord, Plintron Techs. USA LLC v. Phillips*, 2026 WL 237779, at *6 (W.D. Wash. Jan. 29, 2026).

Pellicciotti turns Rule 19 on its head, incorrectly claiming that a plaintiff must show that a *named* defendant is necessary. *See* Mot. at 3-4. Pellicciotti cannot cite any case for that novel assertion. The purpose of Rule 19 "is to protect the legitimate interests of absent parties, as well

[3] The sole exception is that Rule 21 allows dismissal, at plaintiff's request, of a nondiverse dispensable party. *See Hain*.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

as to discourage multiplicitous litigation.'" *Singleton v. Clark Cnty*., 2025 WL 359015, at *8 (W.D. Wash. Jan. 31, 2025) (quoting *U.S. ex rel. Morongo Band of Mission Indians v. Rose*, 34 F.3d 901, 908 (9th Cir. 1994)). It is not the purpose of Rule 19 to allow a *named* defendant to seek dismissal as allegedly unnecessary. If that were the law, plaintiffs in every case would be required to demonstrate that all defendants are necessary, but that is not the case. And in any event, Pellicciotti is necessary for this Court to enjoin the transfer of billions of dollars out of LEOFF 1 and into the general fund, and to enjoin his other responsibilities.

Pellicciotti also misapprehends Rule 21. *See* Mot. at 3-4. That Rule states: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." In turn, Rule 20 sets the standards for joinder. A plaintiff may join multiple defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Plaintiffs properly joined the two Defendants under Rule 20(a)(2) by asserting the same right to relief against both under the Contract Clause. Further, questions of law and fact common to both Defendants will arise concerning the validity of E2SHB 2034. As a result, Rule 21 does not allow dismissal of Pellicciotti, because the Ninth Circuit uniformly holds that Rule 21 applies *only* if defendants are misjoined under Rule 20. "Federal Rule of Civil Procedure 20 establishes the standards for permissive joinder, and Federal Rule of Civil Procedure 21 governs the remedies for misjoinder." *Alvarado v. City of Los Angeles*, 720 F. App'x 889, 903-04 (9th Cir. 2018). And "Rule 21 provides that if these two criteria [of Rule 20] are not met and plaintiffs are improperly joined, '[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.' Fed. R. Civ. P. 21." *Id.* at 904. *See also Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) ("If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance. *See* FRCP Rule 21."); *Visendi v. Bank of*


HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

*Am., N.A.*, 733 F.3d 863, 870-71 (9th Cir. 2013) (same, applying *Coughlin*).

Pellicciotti erroneously relies on *Watchtower Bible & Tract Soc'y of New York, Inc. v. Municipality of San Juan*, 773 F.3d 1, 14 (1st Cir. 2014), in which the First Circuit held that where "certain defendants are dispensable parties whose presence is not required to afford complete relief, the trial court may, in the exercise of its sound discretion, dismiss them." But *Watchtower* is not the law in the Ninth Circuit, which has never permitted dismissal under Rule 21 merely because a named defendant is not necessary. Neither the Ninth Circuit nor any district court in that Circuit has cited *Watchtower*, let alone adopted its interpretation of Rule 21.

Pellicciotti incorrectly argues that he should be dismissed because "complete relief here is straightforward: a decree enjoining Defendant Leathers from making such a directive would also prevent the funds transfer of which Plaintiffs complain. Mot. at 4 (citing *Williams v. Fanning*, 332 U.S. 490, 494 (1947)). In *Fanning*, the plaintiff sued only the Postmaster of the City of Los Angeles to enjoin him from carrying out an order issued by the Postmaster General of the United States. The Ninth Circuit reversed a judgment dismissing the case for failure to join the Postmaster General as a defendant. But the Supreme Court reversed the Ninth Circuit, stating that the case presented "the question whether those against whom the Postmaster General has issued a postal fraud order may sue the local postmaster to enjoin him from carrying out the order or whether the Postmaster General is an indispensable party." *Id*. at 491. The Court held that the Postmaster General did not need to be a defendant because it is the local postmaster "who refuses to pay money orders, who places the stamp 'fraudulent' on the mail, who returns the mail to the senders. If he desists in those acts, the matter is at an end. *That is all the relief which petitioners seek.*" *Id*. at 494 (emphasis added).

The Supreme Court in *Fanning* held only that the plaintiff was not required to *add* the Postmaster General as a defendant. The Court did not suggest, let alone hold, that a plaintiff must show a *named* defendant is a necessary party. And *Fanning*, the Postmaster of the City of Los Angeles could provide "all the relief which petitioners seek." *Id.* Here, in stark contrast, E2SHB 2034 assigns *only* Pellicciotti the power to transfer funds. Dismissing him would preclude this Court from enjoining *anyone* from transferring billions of dollars out of LEOFF 1.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

**C. Pellicciotti's argument that Plaintiffs would not be prejudiced is legally and factually incorrect.**

Pellicciotti erroneously contends that his dismissal would not prejudice the Plaintiffs. *See* Mot. at 4-6. Pellicciotti does not cite *any* authority for the novel proposition that Plaintiffs must demonstrate prejudice in order to avoid his dismissal. No court has ever applied the standard that he proposes.

And in any event, his argument that Plaintiffs would not be prejudice is wrong. He first contends that "the Court can still afford Plaintiffs the complete relief they seek pursuant to an identical prayer in their amended complaint without requiring Defendant Pellicciotti to remain a party to the suit." Mot. at 4. Plaintiffs sued the State in the initial Complaint, seeking injunctive against, but when counsel from the Attorney General's office asserted Eleventh Amendment immunity, Plaintiffs filed an amended complaint naming Pellicciotti as a defendant under *Ex parte Young* because the State Treasurer is the *only* person that E2SHB 2034 authorizes to transfer money out of LEOFF 1. As a result, Pellicciotti's assertion that Plaintiffs can obtain "complete relief" without him as a defendant is false. This Court will have no power to enjoin the transfer of billions of dollars from LEOFF 1 if neither the State nor Pellicciotti is a named defendant.

Pellicciotti next misleadingly contends that "[b]eyond identifying his official role and responsibilities, Dkt. 9 at 8:5–11, Plaintiffs lodge no factual allegations specific to Defendant Pellicciotti except the ministerial deed of transferring money when directed." *See* Mot. at 5. Of course they don't. Plaintiffs need not allege anything more to state a claim against him under *Ex parte Young*.

Pellicciotti then relies on a series of inapposite cases that concern damages, not injunctive relief, when he asserts that he "would not by that simple task become a co-conspirator in the alleged violation of Plaintiffs' constitutional rights, and accordingly need not be joined as a party here, as an analogous case from a sister state helpfully illustrates." *Id.* (citing *Wright v. Serv. Emps. Int'l Union Loc. 503*, 48 F.4th 1112 (9th Cir. 2022)). *Wright* does not help Pellicciotti, because *Ex parte Young* does not require any showing that a defendant could be found liable for damages as a co-conspirator. *Wright* did not address *Ex parte Young* but instead concerned


HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

whether a labor union (SEIU) could be found liable for damages as a state actor under 42 U.S.C. § 1983. The Ninth Circuit held that "the union was not a state actor for § 1983 purposes, in part, because of the state's ministerial role in processing dues deductions." *Wright*, 48 F.4th at 1112. As a result, "Wright's claim for retrospective relief against SEIU fails for lack of state action [under section 1983]." *Id*. at 1125. Here, in contrast, Pellicciotti plainly is a state actor, and Plaintiffs do not seek damages.

The other two cases cited by Pellicciotti are similarly inapposite, because they concerned claims for damages against a private party, not injunctive relief against state officials under *Ex parte Young*. *See* Mot. at 5-6. In *Gaskell v. Weir*, 10 F.3d 626 (9th Cir. 1993), the plaintiff sought only damages. The Ninth Circuit affirmed the district court's finding that "the allegations of state action in support of the section 1983 claim were so baseless that the complaint was frivolous." *Id*. at 628. *Gaskell* has no relevance in deciding whether Plaintiffs properly sued Pellicciotti, who is a state actor, for injunctive relief.

In the third case cited by Pellicciotti, the Second Circuit similarly held that the plaintiff could not obtain damages from the Bank of America under section 1983. *See Sykes v. Bank of Am.*, 723 F.3d 399 (2d Cir. 2013). The Court explained that the "question is whether the private party—Bank of America—acts under color of state law by its compulsory, mechanical action carrying the state entity's decision into effect." *Id*. at 407. The Court held that "Bank of America did not act 'under color of state law.'" *Id.* Again, Pellicciotti's reliance on *Sykes* is frivolous.

### D. Pellicciotti's argument that fundamental fairness requires his dismissal should be rejected.

Pellicciotti erroneously argues that "Fundamental Fairness Suggests Misjoinder." *See* Mot. at 6. Pellicciotti contends that "[l]itigation consumes time, energy, and expense. When the litigant is a government entity, those resources are the public's. Defendant Pellicciotti submits that 'the principles of fundamental fairness' do not require his office to remain actively involved in a lawsuit like this…." Mot. at 6. But Pellicciotti does not even try to establish how this case would take *any* of his (or his office's) time or why he would be "actively involved." He is a defendant solely because the State invoked its immunity under the Eleventh Amendment, as is its



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

obvious right, leaving Plaintiffs to sue him under *Ex parte Young* as the person E2SHB 2034 authorizes to transfer funds out of LEOFF 1.

The cases he cites undermine his argument. *See* Mot. at 6-7. In *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 518 (5th Cir. 2010) (per curiam), "approximately 800 current or former employees of Allsup's Convenience Stories, Inc. ('Allsup's') opted into a representative action against their employer, seeking payment of unpaid wages and overtime under the Fair Labor Standards Act." The Fifth Circuit held that the "district court did not abuse its discretion in denying mass joinder of all Appellants" but reversed "the dismissal of Acevedo's claims and the claims of any Appellant who has worked at the same store as Acevedo." *Id*. The Court explained that "the plaintiffs work or have worked across a network of more than 300 stores, each with its own manager responsible for implementing Allsup's policies," so "trying these claims together would be too challenging logistically, given the divergent working conditions at each store and the different defenses applicable to each plaintiff's claims." *Id*. at 522 (footnote omitted). The burdens on Allsup's stand in stark contrast to Pellicciotti, who does not and cannot identify any burdens he will suffer if not dismissed.

Pellicciotti cites another inapposite case in which the Seventh Circuit held that "joinder of Dresser Industries, not a party to the principal action but joined only to ensure collection on a potential judgment against AMC and/or Orio, was not proper under Federal Rules of Civil Procedure 20(a)." In *Intercon Rsch. Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 54 (7th Cir. 1982) (footnote omitted). As the Court stated, "Rule 20(a) was designed to allow a plaintiff to join only those parties against whom the plaintiff has a legitimate claim, and not to permit a plaintiff to bring all of a defendant's debtors into a lawsuit." *Id.* at 58. Unlike Dresser, Pellicciotti will not need to be actively involved in this case.

Pellicciotti next engages in misleading quotation by asserting that his dismissal "would be 'correct in that there is no allegation that [he would be] improperly performing his ministerial duties' or that he would refuse to follow any order this Court might issue, including for the relief Plaintiffs seek." *See* Mot. at 8 (quoting *Dotlich v. Kane*, 497 F.2d 390, 391 (8th Cir. 1974)). In *Dotlich*, the Eighth Circuit stated that "[d]ismissal as to the clerk and examiner of titles was also


HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

correct in that there is no allegation that either was improperly performing his ministerial duties." 497 F.2d at 391. Here, in contrast, Plaintiffs allege that the Contract Clause precludes Pellicciotti from transferring billions of dollars out of LEOFF 1. And Pellicciotti's assertion that there is no allegation that "he would refuse to follow any order this Court might issue, including for the relief Plaintiffs seek" is misguided. Unless he remains a defendant, this Court cannot enjoin anyone from transferring money out of LEOFF 1. "An official-capacity suit for injunctive relief is properly brought against persons who 'would be responsible for implementing any injunctive relief.' *Pouncil v. Tilton*, 704 F.3d 568, 576 (9th Cir. 2012)." *Columbia Basin College*, 77 F.4th at 1223.

## IV. CONCLUSION

Pellicciotti's motion should be denied.

*I certify that this memorandum contains 4,176 words, in compliance with the Local Civil Rules.*

Dated: September 8, 2026

HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Steve W. Berman*
Steve W. Berman (WSBA No. 12536)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

By: */s/ Craig R. Spiegel*
Craig R. Spiegel (WSBA No. 31955)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
craigs@hbsslaw.com

By: */s/ Moses Jehng*
Moses Jehng (WSBA No. 64333)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
moses.jehng@hbsslaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF recipients.

DATED this 8th day of September, 2026.

*s/ Steve W. Berman*
Steve W. Berman


HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX