The Honorable Jamal N. Whitehead

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| JOSEPH DAWSON; JOHN NORDLUND; ALAN DENNIS VICKERY; JOHN ZIMMARO; DAVID REICHERT; ANDREW WILSON; JERALD BIRT; MARILYN CURTIS; and MICHAEL DUCHEMIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KATHRYN LEATHERS, in her official capacity as Director of the Washington Department of Retirement Systems, and MIKE PELLICCIOTTI, in his official capacity as Washington State Treasurer,<br><br>Defendants. | NO. 2:26-cv-01469-JNW<br><br>REPLY IN SUPPORT OF DEFENDANT MIKE PELLICCIOTTI'S MOTION FOR MISJOINDER<br><br>NOTE ON MOTION CALENDAR: SEPTEMBER 24, 2026 |



ATTORNEY GENERAL OF WASHINGTON
Revenue and Finance Division
7141 Cleanwater Dr. Sw
P.O. Box 40123
Olympia, WA 98504-0123
360-753-5515

## I. INTRODUCTION

Plaintiffs bring a putative class action, alleging 42 U.S.C. § 1983 claims against movant Mike Pellicciotti, the State Treasurer of Washington, and Kathryn Leathers, the Director of the Department of Retirement Systems, alleging their involvement with future implementation of Engrossed Second Substitute House Bill (E2SHB) 2034, legislation terminating and restating an overfunded retirement plan. Defendant Pellicciotti, whose only role in the bill is to create administrative accounts within the state Treasury and transfer money among them, was added to the case via Plaintiffs' first amended complaint, so the Court should exercise its discretion to streamline this litigation and avoid unnecessary public expense by dismissing him as a misjoined party.

## II. ARGUMENT

### A. Abuse of Discretion is the Standard of Review

In the Ninth Circuit, rulings dismissing a defendant pursuant to Fed. R. Civ. P. Rule 21 are reviewable for abuse of discretion. *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015) ("We review the district court's decision to sever and dismiss the co-defendants under Rule 21 for abuse of discretion.").

Plaintiffs' opposition factually distinguishes cases cited by Defendant Pellicciotti in the instant motion for the standard of review, noting that three of them involved diversity jurisdiction while this litigation does not. That much is true, but irrelevant: the cases did not limit their holdings to only circumstances involving diversity jurisdiction, nor does a close reading of Plaintiffs' opposition include such a claim. In unqualified language, they held that "Rule 21 allows the court to dismiss parties 'on such terms as are just,' thus granting considerable discretion to the district court." *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1371 (10th Cir. 1998) (internal citations omitted); *accord*, *Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co.*, 312 F.3d 82, 87 (2d Cir. 2002) (any "decision to dismiss parties under Rule 21 is circumscribed only by the 'equity and good conscience test' of Rule 19(b) . . . . Given the



ATTORNEY GENERAL OF WASHINGTON
Revenue and Finance Division
7141 Cleanwater Dr. Sw
P.O. Box 40123
Olympia, WA 98504-0123
360-753-5515

flexible nature of Rule 19(b) analysis, we review such decisions only for an abuse of discretion.”).

Plaintiffs’ opposition refuses to acknowledge binding precedent in *Rush*, and tellingly proffers no standard of review in the alternative whatsoever. This Court has ample discretion to dismiss Defendant Pellicciotti as an unnecessary and inappropriate party pursuant to Fed. R. Civ. P. 21, irrespective of whether other tribunals have previously needed to relieve defendants misjoined under exactly similar circumstances.

**B. The State Treasurer is Not Uniquely Connected to the Challenged Bill**

For a party to be the proper target of an *Ex parte Young* action challenging implementation of a state law, “he need not have a significant role, but he must have a unique role relative to his role with other state laws.” *Rivera v. Sami*, slip op. at *8, 2026 WL 2653094 (9th Cir. Sept. 9, 2026). In other words, the official sued must “have a relevant role that goes beyond ‘a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision.’” *Mecinas v. Hobbs*, 30 F.4th 890, 903-04 (9th Cir. 2022) (quoting *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004)).

The Treasurer has no unique role here. Rather, he is sued simply for having “general supervisory power over the persons responsible for enforcing the challeneged provision[,]” i.e., being the executive agency head who supervises the accounting personnel responsible for certain ministerial tasks prescribed by E2SHB 2034. Those administrative duties, creating accounting entries for new funds within the State Treasury and transferring money when told or as mandated by statute, are precisely the kind of “generalized dut[ies]” that Defendant Pellicciotti’s office routinely fulfills, since lawmakers rarely write a bill with zero impact to the public fisc.

Plaintiffs’ opposition asserts that Defendant Pellicciotti is not simply an allowable party, but an appropriate one, which in light of the foregoing proves too much: If it would be an abuse of discretion to reject his joinder, as Plaintiffs argue, then Defendant Pellicciotti and the



ATTORNEY GENERAL OF WASHINGTON
Revenue and Finance Division
7141 Cleanwater Dr. Sw
P.O. Box 40123
Olympia, WA 98504-0123
360-753-5515

Washington State Treasury is subject to being joined in lawsuits challenging nearly any action by the State of Washington that involves an expenditure or collection of money – or, as here, the mere relocation of money – not least because the state's biennial budget requires his office to effectuate scores of transfers among accounts to implement both new and ongoing state government business. *See*, *e.g.*, ESSB 5167, 69th Leg., Reg. Sess., 2025 Wash. Sess. Laws 439 ("To facilitate the transfer of moneys from other funds and accounts … the state treasurer is directed to transfer moneys from other funds and accounts to the information technology investment revolving account in accordance with schedules provided by the office of financial management."), 453 ("The [state] treasurer shall make quarterly distributions from the county criminal justice assistance account of the amounts provided in this section in accordance with RCW 82.14.310…"); SSB 5195, 69th Leg., Reg. Sess., 2025 Wash. Sess. Laws 491 ("On July 1, 2025, the state treasurer shall transfer $21,307,000 of federal funding, or as much thereof as is remaining, from the appropriation in section 7017, chapter 474, Laws of 2023 to the federal broadband account created in RCW 43.330.400").[1]

Consider another similarly situated state official, tangentially involved in the implementation of virtually all legislation: the attorney general.

> The requirement of some unique connection is particularly relevant as applied to attorneys general. Absent such a requirement, "the constitutionality of every act passed by the legislature could be tested by a suit against ... the attorney general, based upon the theory that ... [they] might represent the state in litigation involving the enforcement of its statutes."

*Rivera*, 2026 WL 2653094 at *8 (quoting *Ex parte Young*, 209 U.S. 123, 157 (1908)). *Rivera* affirmed dismissal of a misguided action against the Washington State Attorney General because he had no "duty" under challenged regulations that went "'beyond' his generalized duty to

---

[1] Pursuant to Fed. R. Evid. 201, the Court may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned[,]" including the contents of legislative documents as found on official legislative websites. *See Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) ("Legislative history is properly a subject of judicial notice."). The referenced bills are available at: https://lawfilesext.leg.wa.gov/biennium/2025-26/Pdf/Bills/Senate%20Passed%20Legislature/5167-S.PL.pdf and https://lawfilesext.leg.wa.gov/biennium/2025-26/Pdf/Bills/Senate%20Passed%20Legislature/5195-S.PL.pdf (last visited Sept. 24, 2026).



ATTORNEY GENERAL OF WASHINGTON
Revenue and Finance Division
7141 Cleanwater Dr. Sw
P.O. Box 40123
Olympia, WA 98504-0123
360-753-5515

enforce all state laws[,]" much as E2SHB 2034 imposes no unique duties upon Defendant Pellicciotti other than the extremely common tasks of creating accounts and accounting entries, which are concomitant to most legislation. *Id.* (quoting *Mecinas*, 30 F.4th at 903-04). Like an attorney general misjoined, Defendant Pellicciotti too should be dismissed from this action as a superfluous party.

Plaintiffs' citation to *R.W. v. Columbia Basin College*, 77 F.4th 1214, 1222 (9th Cir. 2023), is inapposite. That case "cabin[ed] [its] interlocutory review to whether R.W.'s complaint alleged an ongoing constitutional violation for which he sought prospective injunctive relief" in order to determine the question at issue, "whether the district court correctly determined that R.W.'s action for injunctive relief could proceed against defendants Reagan and Woods in their official capacities under the *Ex parte Young* exception to sovereign immunity." *R.W. v. Columbia Basin College*, 77 F.4th at 1222, 1225. R.W. had indeed so alleged, and the opinion accordingly held – on interlocutory appeal from summary judgment, not Rule 21 as relevant here – that his complaint was artfully pled to avoid sovereign immunity. Here, Defendant Pellicciotti is not moving for summary judgment nor arguing Eleventh Amendment immunity, unlike the college official compelled to defend his actions after "he issued the no-trespass order against R.W., initiated and conducted the student conduct investigation that resulted in sanctions," and otherwise was "directly involved" as a decisionmaker in R.W.'s expulsion. *Id.* at 1227.

**C. The Difference Between Can and Should**

*Ex parte Young* or not, Defendant Pellicciotti is simply a superfluous and inappropriate party to be joined in a lawsuit such as this, on the sole basis of ministerial actions such as creating accounts within the state Treasury and transfering money among them when told. To be perfectly clear, lest Plaintiffs summon more strawmen: Defendant Pellicciotti is not arguing that he is a categorically impossible defendant in every action like this, challenging legislation which specifically references his title or office, but rather a clearly unnecessary one here, the



ATTORNEY GENERAL OF WASHINGTON
Revenue and Finance Division
7141 Cleanwater Dr. Sw
P.O. Box 40123
Olympia, WA 98504-0123
360-753-5515

joinder of whom will needlessy complicate this litigation and siphon taxpayer funds. The Court has discretion to avoid such waste.

Plaintiffs insist that "Pellicciotti [remaining a party] is necessary for this Court to enjoin the transfer of billions of dollars out of LEOFF 1 and into the general fund," but this is untrue. Dkt. 20 at 6:6-7. Defendant Pellicciotti's monetary transfer, the constitutional violation alleged, can happen only when and as directed by Defendant Leathers, who is a party and can be court-ordered, as Plaintiffs pray, not to direct the transfer. "Moreover, to the extent th[is] district court [may] conclude[] that *other* [] officials" than Defendant Leathers "could somehow attempt to enforce the … Act against the plaintiffs notwithstanding the plaintiffs' requested injunction, that possibility does not mean that complete relief is not possible for the plaintiffs" by naming Defendant Leathers alone. *Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1180 (9th Cir. 2012). Not every government official who might theoretically have a role in implementing an unconstitutional law needs to be joined in a case challenging it. Should this Court mistakenly agree with Plaintiffs that E2SHB 2034 is unconstitutional and order the same, such will be the law of the land, applicable to every government official. Plaintiffs have not disputed this truth nor alleged that Defendant Pellicciotti would ignore any such determination without his specific mention.

Plaintiffs would subject his office to the burdens and expenses of litigation merely for the sake of including Defendant Pellicciotti's name in the decree of relief they seek, feigning ignorance at "how this case would take *any* of his (or his office's) time or why he would be 'actively involved.'" Dkt. 20 at 13:26-28 (emphasis in original). If this is a stipulation that Plaintiffs will not, for example, serve any discovery, depose any of his employees, or seek to engage him in any alternative dispute resolution, such that Defendant "Pellicciotti *will not* need to be actively involved in this case." Dkt. 20 at 14:22-23 (emphasis added). This is a welcome if dubious assertion, but begets the obvious inquiry: Then why join him as a party?



ATTORNEY GENERAL OF WASHINGTON
Revenue and Finance Division
7141 Cleanwater Dr. Sw
P.O. Box 40123
Olympia, WA 98504-0123
360-753-5515

It's an important question, since "when making a decision whether to allow the permissive joinder of a party, a court should consider factors such as … the motive that the moving party has in seeking" to join a new party. *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). "Joining a party to a lawsuit for the sole purpose of conducting discovery is improper[,]" for example. *F.L.B. v. Lynch*, 180 F. Supp. 3d 811, 814 (W.D. Wash. 2016). Here, Plaintiffs assert that they added Defendant Pellicciotti to their first amended complaint "solely because the State invoked its immunity under the Eleventh Amendment[.]" Dkt. 20 at 13:28. That procedural history does not reshape the substantive law of joinder to make him an appropriate defendant, however; still this "district court[] must examine whether permissive joinder would comport with the principles of fundamental fairness … [and] deny joinder if it would undermine the orderly and expeditious disposition of the case." *Johnson v. High Desert State Prison*, 127 F.4th 123, 134 (9th Cir. 2025) (internal citation and quotation marks omitted). Plaintiffs have not argued that Defendant Pellicciotti's joinder somehow will resolve this litigation faster or that it is fundamentally fair for his office to spend public funds defending a lawsuit they insist barely involves him, likely because neither proposition is tenable. At a bare minimum, Defendant Pellicciotti's continued participation as a party in this case would require him to shoulder increasing legal defense costs from participating in those obligations required by the Federal Rules of Civil Procedure and this Court: initial disclosures, discovery conferences, attendance at depositions, and potentially even pretrial preparations.

## III. CONCLUSION

Plaintiffs' amended complaint misjoined Defendant Pellicciotti, whose only role in implementing the legislation they challenge as unconstitutional is the ministerial act of administering accounts in the state Treasury when and as told. The Court should exercise its discretion to dismiss him as a misjoined party, streamlining this litigation in the interest of fairness and justice.



ATTORNEY GENERAL OF WASHINGTON
Revenue and Finance Division
7141 Cleanwater Dr. Sw
P.O. Box 40123
Olympia, WA 98504-0123
360-753-5515

DATED this 24th day of September 2026.

I certify that this memorandum contains 2,079 words, in compliance with the Local Civil Rules.

NICHOLAS W. BROWN
Attorney General of Washington

/s/ *Mark J. Rachel*
MARK J. RACHEL, WSBA #54395
Assistant Attorney General
7141 Cleanwater Dr. SW
P.O. Box 40123
Olympia, WA 98504-0123
253.337.3920
Mark.Rachel@atg.wa.gov

*Attorney for Defendant Pellicciotti*